UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CHARLS PETER NIPHONG,

                Plaintiff,

v.

UNKNOWN MALIAHIASBE et al.,

                Defendants.

_____/

Case No. 1:25-cv-1194

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983.[1] The Court has granted Plaintiff's motion (ECF No. 2) to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1]*See* KCCF Inmate Locator https://eisjailviewer.kentcountymi.gov/Home/BookingSearchQuery _KCSOMI (enter "Niphong" for "Last Name," enter "Charls" for "First Name," select "Search") (last visited Oct. 29, 2025).

**Discussion**

## I.    Factual Allegations

Plaintiff is presently detaomed at the Kent County Jail in Grand Rapids, Kent County, Michigan. (ECF No. 1, PageID.2.) The events about which he complains occurred at that facility. (*Id.*) Plaintiff sues Deputy Unknown Maliahiasbe, Corrections Officer M. Shoop, and Deputy/Corrections Officer Unknown Party. (*Id.*)

Plaintiff alleges that he entered the Kent County Jail on May 15, 2025, whereupon he was subjected to a search by Defendant Maliahiasbe. (*Id.*, PageID.3.) Plaintiff states that after the search was completed, Defendant Maliahiasbe placed his hand on the right side of Plaintiff's butt and lifted it upward in an unprofessional manner. (*Id.*) Plaintiff states that this constituted a sexual assault and felt the need to protect himself, so he removed his hands from the wall, which resulted in Plaintiff being slammed against the wall and yelled at. (*Id.*) Plaintiff asked Defendant Maliahiasbe why he had touched his butt in that manner, but Defendant Maliahiasbe did not respond. (*Id.*) Plaintiff was taken to confinement. (*Id.*)

Plaintiff filed a grievance and Defendant Shoop responded to the grievance by stating that Defendant Maliahiasbe had been performing his required duties and that Plaintiff had been noncompliant. (*Id.*)

Plaintiff states that Defendants violated his rights under the Fourth and Eighth Amendments. (*Id.*) Plaintiff seeks an investigation into the incident and damages. (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

2

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendant Unknown Party

In his complaint, Plaintiff lists Unknown Party, named as Deputy/Corrections Officer John Doe, as a Defendant. (ECF No. 1, PageID.2.) However, Plaintiff fails to make any specific factual allegations against this individual in the body of his complaint. It is a basic pleading essential that

a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Unknown Party.

### B.    Defendant Shoop

Plaintiff alleges that Defendant Shoop responded to the grievance he filed on Defendant Maliahiasbe by finding that Defendant Maliahiasbe had not engaged in any wrongdoing and that Plaintiff had been noncompliant. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation

4

must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendant Shoop encouraged or condoned the conduct of his subordinates, or authorized, approved or knowingly acquiesced in the conduct. Indeed, Plaintiff fails to allege any facts at all about their conduct other than to assert that Defendant Shoop responded to his grievance. Plaintiff's vague and conclusory allegations of

supervisory responsibility are insufficient to demonstrate that Defendant Shoop was personally involved in the actions of Defendant Maliahiasbe. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's § 1983 claim against Defendant Shoop is premised on nothing more than respondeat superior liability, he fails to state a claim against Defendant Shoop.

### C.    Defendant Maliahiasbe

#### 1.    Fourth Amendment

Plaintiff states that Defendants violated his rights under the Fourth Amendment. Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have recognized that, under the Fourth Amendment, prisoners and detainees may be subjected to strip searches and body-cavity searches without individualized suspicion. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333–34 (2012) (rejecting the argument that correctional officials need reasonable suspicion to conduct visual body-cavity searches upon inmates at the time they are admitted to the general jail population); *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013) (noting that "suspicionless strip searches [are] permissible as a matter of constitutional law"); *see also Salem v. Mich. Dep't of Corr.*, 643 F. App'x 526, 529 (6th Cir. 2016). Nevertheless, a strip search "may be unreasonable by virtue of the way in which it is conducted." *Williams v. City of Cleveland*, 771 F.3d 945, 952 (6th Cir. 2014) (citing *Stoudemire*, 705 F.3d at 574). In determining the reasonableness of a search, "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Stoudemire*, 705 F.3d at 572 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

6

Here, Plaintiff's merely alleges that he was thoroughly searched and that at the conclusion of the search, Defendant Maliahiasbe placed his hand on the right side of Plaintiff's butt and lifted it. (ECF No. 1, PageID.3.) Plaintiff alleges no facts to suggest that the search was conducted in an unreasonable manner. Under these circumstances, based on the facts alleged in the complaint, Plaintiff fails to state a Fourth Amendment claim.

### 2.    Sexual Assault Claim

Plaintiff asserts that Defendant Maliahiasbe violated his Eighth Amendment right to be free from unwanted sexual touching when he placed his hand on the right side of Plaintiff's butt and then lifted it. (ECF No. 1, PageID.3.) The Court notes that the Eighth Amendment's protection against cruel and unusual punishment extends to pretrial detainees through the Fourteenth Amendment's Due Process Clause. *See Whitley v.* Albers, 475 U.S. 312, 327 (1986).

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain'" forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

However, the Sixth Circuit has held that "isolated, brief, and not severe" instances of sexual harassment, without more, do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (finding that harassing comments, even coupled with one minor instance of sexualized touching during a search, fall short of an Eighth Amendment violation), *abrogated in other part by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Violett v.*

*Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (an offer of sexual favors is not sufficient to state Eighth Amendment claim); *Johnson v. Ward,* No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."). Other courts have agreed. *See, e.g., Davis v. Goord,* 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir. 1986).

In contrast, the Sixth Circuit has held that ongoing, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty v. Trumbull Co.*, 915 F.3d 1087, 1095 (6th Cir. 2019). The *Rafferty* court found an Eighth Amendment violation when a prison official sexually harassed a prisoner by repeatedly demanding that the prisoner expose herself and masturbate while the official watched. The court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096.

In this case, Plaintiff merely alleges that Defendant Maliahiasbe lifted the right side of Plaintiff's butt with his hand. (ECF No. 1, PageID.3.) Plaintiff does not allege that Defendant Maliahiasbe made any sexual comments or subsequently acted in a sexually harassing manner toward Plaintiff. Such allegations are insufficient to support a claim under either the Eighth or Fourteenth Amendments.

### 3.    Excessive Force Claim

Plaintiff also seeks to assert an excessive force claim against Defendant Maliahiasbe for slamming Plaintiff against the wall and yelling at him after Plaintiff removed his hands from the wall. In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the use of excessive force on pretrial detainees is measured under the Due Process Clause of the Fourteenth Amendment. The Court rejected a subjective standard, holding that the relevant inquiry is whether the force purposely or knowingly used against the prisoner was objectively unreasonable. *Id.* at

8

398; *see also Coley v. Lucas Cnty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Kingsley*). In determining whether the amount of force used was unreasonable, courts consider factors such as the relationship between the need for the use of force and the amount of force, the extent of any injury suffered by the plaintiff, the degree of threat reasonably perceived by the defendant officer, and whether the plaintiff was actively resisting. *Whyde v. Sigsworth*, No. 3:19 CV 683, 2022 WL 974204, at *15 (N.D. Ohio Mar. 30, 2022), *aff'd,* No. 22-3581, 2024 WL 4719649 (6th Cir. Nov. 8, 2024).

The Court notes that not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson*, 503 U.S. at 9 (holding that "[n]ot every push or shove . . . violates a prisoner's constitutional rights") (internal quotations omitted). Moroever, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 9).

As noted above, Plaintiff in this case concedes that he removed his hands from the wall where he had been instructed to place them during the search, which prompted Defendant Maliahiasbe to shove Plaintiff against the wall and yell at him. Plaintiff does not allege that the shove by Defendant Maliahiasbe was severe enough to cause him any injuries. Nor does Plaintiff allege that Defendant Maliahiasbe took any further action against him once he was restrained. Because Plaintiff fails to allege any facts which could show that Defendant Maliahiasbe used an unreasonable amount of force against him, he fails to state a claim under the Eighth or Fourteenth Amendments for an excessive use of force.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.


Dated:   October 31, 2025                          /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge